IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH W. FRIEL, JR., <br>     Plaintiff, | ) <br> ) <br> ) |
| v | ) 2:09-cv-1253 <br> ) |
| STATE FARM MUTUAL AUTOMOBILE <br> INSURANCE COMPANY, <br>     Defendant. | ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

Now pending before the Court is the MOTION TO REMAND (Document No. 4) filed by Plaintiff Joseph W. Friel, Jr. ("Friel"). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a Response (Document No. 11), Plaintiff filed a Supplemental Memorandum (Document No. 13), and the motion is ripe for disposition.

The gravamen of this case is that Plaintiff allegedly sustained injuries, inter alia, to "his neck, back, herniated disc, compression fractures in his low back and injuries to both elbows" in a car accident as a result of hitting a rock which allegedly/theoretically fell from an unknown vehicle. Friel made a claim for uninsured motorist (UM) benefits, which State Farm denied. On August 6, 2009, Friel filed a complaint against State Farm in the Court of Common Pleas of Allegheny County, Pennsylvania. The complaint seeks damages under the policy in excess of $30,000 and also asserts a claim for bad faith. Friel seeks recovery for his medical bills, lost income, and pain and suffering, in addition to punitive damages and counsel fees under the bad faith statute. State Farm timely removed the case to this Court on the basis of diversity jurisdiction.

Plaintiff's counsel has made what appear to be inconsistent statements. In the Motion to Remand ¶ 8, he avers that Plaintiff "is willing to amend his Complaint to seek a total package of

damages in a sum not in excess of $75,000, in order to keep this case in State Court and not proceed with it in Federal Court." However, no such amendment has been filed. Moreover, when State Farm reportedly presented a proposed Stipulation and Order to cap damages at $75,000 and remand the case to state court, Plaintiff's counsel refused to sign the proposed stipulation. Indeed, in his Supplemental Memorandum, counsel states that even if the case is remanded to state court, he seeks to preserve his ability to recover in excess of $75,000.

In order to succeed, a motion for remand must demonstrate that this Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The only non-frivolous argument advanced by Plaintiff relates to the amount in controversy. In *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002), the Court of Appeals described the analysis that must be performed to determine whether the jurisdictional minimum amount in controversy has been met:

> A district court's determination as to the amount in controversy must be based on the "plaintiff's complaint at the time the petition for removal was filed." *Steel Valley Auth. v. Union Switch Div.*, 809 F.2d 1006, 1010 (3d Cir.1987). The court must measure the amount "not ... by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.1993). However, "claims of several plaintiffs, if they are separate and distinct, cannot be aggregated for purposes of determining the amount in controversy." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 218 (3d Cir.1999) (internal quotation marks omitted). *See also Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973). Only claims, whether related or unrelated, of a single plaintiff against a single defendant may be aggregated. *See Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969).

Moreover, the Court explained: "a plaintiff's stipulation subsequent to removal as to the amount in controversy or the types of relief sought is of "no legal significance" to the court's determination." Id. at 667 (citing *Angus*, 989 F.2d at 145). Thus, the statement of Plaintiff's counsel's that he would be *willing* to amend the complaint is entitled to no significance – he must

actually amend it, in a way that caps the potential recovery.

In *Samuel-Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir.2004), the Court of Appeals for the Third Circuit adopted a "legal certainty" test, such that "it must be evident to a legal certainty that the Plaintiff cannot recover an amount greater than the [$]75,000 required for diversity jurisdiction." *Rice v. Allstate Fire & Cas. Ins. Co.*, 2009 WL 302175 (M.D. Pa. 2009) (citations omitted). In *Rice*, the Court recently denied a similar motion to remand. The Court explained:

> [S]ince the Complaint does not make a demand for an exact monetary amount with respect to Count II, "the court must make an independent appraisal of the claim and 'after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated.' " *The Bachman Co. v. MacDonald*, 173 F.Supp.2d 318, 323 (E.D. Pa. 2001) (citations omitted). The Court's appraisal must include the reasonable value of potential compensatory and punitive damages.

Applying these principles, the Court cannot say to a legal certainty, based on the face of the Complaint, that Friel will not be able to recover more than $75,000 in this case. The description of his alleged injuries is lengthy, and he is seeking recovery for several types of compensatory damages as well as punitive damages. The Complaint does not limit damages, and indeed, Plaintiff's counsel continues to express his desire to recover in excess of $75,000.

Accordingly, the MOTION TO REMAND (Document No. 4) is **DENIED**.

SO ORDERED this 4th day of November, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:

Neil J. Marcus, Esquire
Email: neiljmarcus@comcast.net

Daniel L. Rivetti, Esquire
Email: drivetti@rlmlawfirm.com

Brian J. Headley, Esquire
Email: bheadley@rlmlawfirm.com